**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

     v.

                                      14-CR-095-A
                                        **ORDER**

CATHERINE VITELLO,

     Defendant.
_____

On October 9, 2014, the Defendant pled guilty to one count of possession with intent to distribute, and distribution, of fentanyl and hydrocodone, in violation of 21 U.S.C. § 841(a)(1). The Defendant was sentenced on July 17, 2015. At sentencing, the Court calculated the Defendant's Sentencing Guideline range to be 12 to 18 months' imprisonment. The Court, however, varied downward from the Guideline range and sentenced the Defendant to three years' probation with one year of home detention.

The Defendant has now filed a motion for early termination of probation. *See* Docket No. 40. A court may terminate a sentence of probation imposed for a felony conviction if the defendant has served at least one year of probation and if the court is satisfied, after considering the factors set forth in 18 U.S.C. § 3553(a), "that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

In support of her request, the Defendant states that she now works as a "field debris monitor" for a company that provides disaster-relief services. Docket No. 40 ¶ 6. The Defendant states that her employer "has indicated they would like to use her on additional relief efforts in the future," but that "the nature of her work requires her to be

able to travel to the disaster site immediately and be in position for a period ranging up to several months." *Id.* ¶ 7.  Without the ability to travel, the Defendant states, she "will . . . lose her position." *Id.* ¶ 8.

The Probation Office reports that the Defendant "has remained in compliance with her conditions," but it recommends denying the Defendant's motion in light of the variance the Court granted at sentencing.  For similar reasons, the Government also opposes the Defendant's motion.  Further, the Government argues, granting the Defendant's motion would "undermine the purposes of sentencing," given that the Defendant—a former nurse—abused her position by selling prescription narcotics that were intended for destruction.

After considering the factors in 18 U.S.C. § 3553(a), the Defendant's motion for early termination of probation is denied.  There is no question that the Defendant's conduct posed a significant danger to the community.  The fact that the Defendant abused her position makes her conduct even more troubling.  But despite this, the Court's sentence was the result of a substantial variance.  In light of that variance, terminating the Defendant's probation would reduce her sentence to a level that would not adequately "reflect the seriousness of the offense."  18 U.S.C. § 3553(a)(2)(A).  Moreover, early termination of probation would not "promote respect for the law"; it would not "provide just punishment for the offense"; and it would not "afford adequate deterrence" to others in the position the Defendant once held.  18 U.S.C. § 3553(a)(2)(A)-(B).

The Court has, however, carefully considered the fact that the Defendant's job requires her to travel on short notice.  The Court does not intend for its sentence to

prohibit the Defendant from maintaining what appears to be meaningful employment. Thus, pursuant to Federal Rule of Criminal Procedure 32.1(c), the Court modifies the terms of the Defendant's probation as follows:[1] The Defendant may leave the geographical boundaries of the United States District Court for the Middle District of Florida without first notifying her Probation Officer of such travel, <u>provided</u> that (1) such travel is for work purposes; (2) within 24 hours of leaving the Middle District of Florida, the Defendant notifies her Probation Officer of such travel, as well as the location to which the Defendant is traveling; and (3) after leaving the Middle District of Florida, the Defendant complies with whatever reasonable notice requirements her Probation Officer imposes, *e.g.*, notification of the address at which the Defendant is staying, and regular notification of the period of time during which the Defendant anticipates remaining outside the Middle District of Florida.

Nothing in this Order prevents the U.S. Probation Office or the Government from petitioning the Court to rescind this modification should the Defendant not comply with the conditions set forth above or if circumstances otherwise warrant.

**SO ORDERED.**


Dated: March 8, 2017             *s/Richard J. Arcara*
    Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                           UNITED STATES DISTRICT JUDGE

---

[1] Because the Court's modification "is favorable" to the Defendant, and because the Government suggested such a modification after notice of the Defendant's motion (Docket No. 43 ¶ 7), the Court need not hold a hearing before modifying the conditions of the Defendant's probation.  See Fed. R. Crim. P. 32.1(c)(2).